IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRENDA DAVIES, Personal Representative of the Estate of Duane E. Davies, Deceased, | ) ) ) | 4:08cv3203 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| BNSF RAILWAY COMPANY, a Delaware Corporation, and BOX BUTTE COUNTY, Nebraska (for purposes of apportionment only), | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion for sanctions (filing 24) filed by Defendant BNSF.  The motion requests that the court dismiss Plaintiff's complaint and award BNSF reasonable expenses and attorneys' fees incurred when BNSF was forced to bring a second discovery motion after Plaintiff's counsel failed to comply with this court's prior order (filing 23) compelling production of various discovery responses.

On April 14, 2009, this court granted a motion to compel (filing 21) filed by defendant BNSF and ordered that on or before April 29, 2009, Plaintiff must produce her (a) Fed. R. Civ. P. 26(a)(1) initial disclosures; (b) answers to BNSF's interrogatories to Plaintiff dated January 23, 2009; and (c) responses to BNSF's requests for production of documents to Plaintiff dated January 23, 2009. (Filing 23.) The affidavit submitted in support of BNSF's motion for sanctions (filing 25) states that BNSF had not received Plaintiff's discovery responses as of May 5, 2009. BNSF's subsequent motions to extend deadlines (filings 26 & 28) indicate that Plaintiff has still failed to comply with the court's prior order.  Further, Plaintiff has not responded to BNSF's motion for sanctions.

Federal Rule of Procedure 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders," which may include "dismissing the action or proceeding in whole or in part," as requested by BNSF in its motion for sanctions. However, "[i]f the failure [to obey the court's order] is because of inability to comply, rather than because of willfulness, bad faith, or any fault of the party, the action should not be dismissed, nor a default judgment given, and less severe sanctions are the most that should be invoked." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2284 (2009).

Rule 37(b) also allows the court to direct that certain facts be taken as established, prohibit the offending party from introducing certain matters into evidence, strike pleadings, stay proceedings until the court order is obeyed, enter a default judgment against the offending party, or treat failure to obey the court's order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). "The court may impose several of these specified sanctions at the same time." 8A Federal Practice and Procedure § 2289.

In addition to imposing these permissible sanctions, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). "The expenses that may be recovered under [this provision] are those 'caused by the failure' to obey an order and therefore do not include the expense of obtaining the order itself." Federal Practice and Procedure § 2289.

It is not clear to the court the reasons for Plaintiff's counsel's repeated failure to respond to Defendant's discovery requests and the court's orders related thereto. Because such reasons are relevant to the severity of sanctions this court shall impose, I shall order Plaintiff's counsel to show cause why sanctions should not be imposed.

2

Further, I shall require Defendant to file an itemized statement of expenses and attorney's fees caused by Plaintiff's failure to produce the requested discovery materials.

       IT IS ORDERED:

       1.     On or before July 9, 2009, Plaintiff shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) due to Plaintiff's continued failure to comply with the court's April 14, 2009, order (filing 23) requiring production of Plaintiff's (a) Fed. R. Civ. P. 26(a)(1) initial disclosures; (b) answers to BNSF's interrogatories to Plaintiff dated January 23, 2009; and (c) responses to BNSF's requests for production of documents to Plaintiff dated January 23, 2009;

       2.     On or before July 9, 2009, Defendant shall file an itemized statement of expenses and attorney's fees caused by Plaintiff's failure to produce the above-described discovery materials;

       3.     Defendant's motion for sanctions (filing 24) shall be held in abeyance pending receipt of the parties' responses to this order;

       4.     The Clerk of Court shall adjust the court's internal computerized record-keeping system to reflect that the "reply date" for Defendant's motion for sanctions (filing 24) is now July 9, 2009.

       DATED this 25th day of June, 2009.

                    BY THE COURT:
                    s/ *Richard G. Kopf*
                    United States District Judge